IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1998 SESSION



FILED

January 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

GARY (JAKE) HARRIS,           )
                             )        C.C.A. No. 03C01-9803-CR-00085
        Appellant,           )
                             )        Unicoi County
v.                           )
                             )        Honorable Lynn W. Brown, Judge
STATE OF TENNESSEE,          )
                             )        (Post-Conviction)
        Appellee.            )


FOR THE APPELLANT:                   FOR THE APPELLEE:

Gary (Jake) Harris, *pro se*         John Knox Walkup
West Tennessee High Security Facility   Attorney General & Reporter
P. O. Box 1050                       425 Fifth Avenue, North
Henning, TN  38041                   Nashville, TN  37243-0493

                                     Todd R. Kelley
                                     Assistant Attorney General
                                     425 Fifth Avenue, North
                                     Nashville, TN  37243-0493

                                     David E. Crockett
                                     District Attorney General
                                     Route 19, Box 99
                                     Johnson City, TN  37601

                                     Kent W. Garland
                                     Assistant District Attorney General
                                     Unicoi County Courthouse
                                     Erwin, TN  37650


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Gary Harris, referred herein as the petitioner, appeals as of right from the summary dismissal of his petition for post-conviction relief by the Unicoi County Criminal Court. The trial court entered an order dismissing the petition for post-conviction relief on the basis that the petition, taken as a whole, did not state a colorable claim for post-conviction relief. In his *pro se* appeal, the petitioner presents six issues for review:

1. Whether the trial court erred in dismissing the petitioner's post-conviction petition without appointment of counsel to add and/or amend the post-conviction petition.

2. Whether the petitioner suffered from ineffective assistance of counsel.

3. Whether the evidence used by the prosecution was sufficient to convict the petitioner of the crime of attempted murder first degree.

4. Whether the trial court erred in handing down a sentence which was excessive and in violation of the law.

5. Whether the trial court erred in allowing prejudicial information into the trial that had no probative value and in fact had absolutely nothing to do with the criminal proceedings brought before the jury.

6. Whether the trial court erred in not allowing a witness for the defense to present testimony in violation of the petitioner's constitutional rights.

After a review of the entire record, briefs of all parties, and the applicable law, the trial court's judgment is affirmed.

## BACKGROUND

The facts at a jury trial revealed in November, 1992, the victim, the petitioner, and a co-defendant, Johnny Wayne Harris, were at a party. The petitioner and co-defendant are brothers and the victim is their cousin. The men got into a shouting match at the party. When the victim attempted to leave the party, the petitioner and the co-defendant followed him outside where the co-defendant shot him in the area of the groin, hip, and front thigh. The victim was found several hours later in the street. He almost bled to death. As a result

of the trial, the jury found the petitioner guilty of aiding and abetting the attempted murder first degree of the victim.

On direct appeal, the petitioner presented two appellate issues: the evidence was not sufficient to support his conviction and the trial court erred in imposing an excessive sentence. This Court, in *State v. Johnny Wayne Harris and Gary L. (Jake) Harris,* No. 03C01-9507-CC-00202, 1996 LEXIS 421 (Tenn. Crim. App., Knoxville, July 19, 1996), *per. app. denied* (Tenn. 1996), affirmed the trial court's judgment.

On December 12, 1996, the petitioner filed a petition for post-conviction relief alleging as grounds for relief: (1) the evidence was not sufficient to support a conviction of aiding and abetting first degree murder; (2) prosecutorial misconduct on the part of the District Attorney General; and (3) judicial misconduct for the arbitrary, capricious, and uncaring disregard by the trial court. The petitioner requested appointment of counsel. On August 12, 1997, the post-conviction court entered a preliminary order dismissing the petition on the basis the petition did not state a colorable claim for relief.

On September 22, 1997, the petitioner filed a motion to reconsider in response to the post-conviction court's order of dismissal. In the motion to reconsider, the petitioner enlarged on his claim for relief. The petitioner alleged that he raised ineffectiveness of his counsel as one of his grounds for relief. The motion also contained some vague wordage regarding the testimony of defense witnesses being guaranteed by the Sixth Amendment. Again, the petitioner requested appointment of counsel to assist him in amending the petition. On December 2, 1997, the post-conviction court entered an order denying the motion to reconsider on the basis the motion and petition did not state a colorable claim for post-conviction relief.

3

**LEGAL ANALYSIS**

Since the petitioner contends the post-conviction court erred in dismissing the petition without a hearing and appointment of counsel and the state disagrees, we will resolve which party is correct.

The new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. Tenn. Code Ann. § 40-30-201, *et seq.* Once a petition for post-conviction relief has been filed, the trial court must examine the petition, together with all files, records, transcripts, and correspondence relating to the judgment under attack. Tenn. Code Ann. § 40-30-206(a). In the same statute, subsection (d) sets out the requirements as to what the petition must contain:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-206(d).

From a careful reading of the petition for post-conviction relief filed on December 12, 1996 in this record, the petitioner did not make a specific claim of the denial of effective assistance of counsel. Nor did the petitioner allege any facts of ineffective assistance of counsel which would support relief. In August, 1997, the post-conviction court was justified in dismissing the petition for post-conviction relief based upon the allegations in the record. The petitioner's allegation of insufficient evidence to support his conviction for aiding and abetting attempted murder first degree has been previously determined. See *State v. Johnny Wayne Harris and Gary L. (Jake) Harris,* No. 03C01-9507-CC-00202, *supra.* An issue has been previously determined "if a court of competent jurisdiction has ruled on the

4

merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h). As to the allegations of prosecutorial misconduct and judicial misconduct, these matters have been waived. The petitioner must rebut the presumption that claims have been either waived or previously determined. Tenn. Code Ann. § 40-30-204(e). The presumption of waiver exists as follows:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
>
> (2) The failure to present the ground was the result of state action in violation of the state or federal constitution.

Tenn. Code Ann. § 40-30-206(g).

We find the post-conviction court was justified in summarily dismissing the petition for post-conviction as of August, 1997.

In the motion to reconsider, the petitioner alleged for the first time deficiency in his trial counsel's representation. However, the petitioner failed to set forth any specific facts or allegations in support thereof.[1] The petitioner has failed to comply with the requirement of the Tennessee Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-206. We do not find the post-conviction court abused its discretion in denying the motion to reconsider or in refusing to appoint counsel.

---

[1] It is only on appeal in his brief that the petitioner sets forth a factual claim of ineffective assistance of counsel.

The post-conviction court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE